FILED
MARCH 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01482   Document 1   Filed 03/12/2008   Page 1 of 8

08 C 1482

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE CASTILLO
MAGISTRATE JUDGE DENLOW

| | |
|---|---|
| **CHRISTOPHER GERNAND,** | |
| **Plaintiff,** | No. |
| v. | |
| **ARAMARK CORPORATION,** | **Jury Trial Requested** |
| **Defendant.** | J. N. |

### COMPLAINT

NOW COMES Plaintiff, CHRISTOPHER GERNAND, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, ARAMARK CORPORATION, states as follows:

### PRELIMINARY STATEMENT

1.   This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq., and the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §§ 2601 et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. and 29 U.S.C. §§ 2601 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3.	Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.	Plaintiff, CHRISTOPHER GERNAND, is a 55-year-old United States citizen who resides in Illinois.

5.	Defendant, ARAMARK CORPORATION, is a corporation properly recognized and sanctioned by the laws of the State of Delaware.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.  Defendant is an employer for the purposes of 29 U.S.C. § 2611 and 29 U.S.C. § 630(b), as Defendant has continuously and does now employ more than fifty (50) employees and is engaged in an industry that affects commerce.

**COUNT I – FMLA - UNLAWFUL DISCHARGE**

6.	Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7.	Plaintiff began working for Defendant in 1980 as a Food Service Manager.

8.	 Throughout his tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, merit based raises, and letters from management and customers praising his performance.

9.	After twenty-seven (27) years of employment with Defendant, in November 2007 Plaintiff's father, Robert W. Gernand, suffered a dramatic decline in his condition of dementia.  Due to the critical nature of the condition, Plaintiff's mother required assistance in caring for his father.

10.	Plaintiff requested leave to Rick Grossman, Regional Human Resources Manager, on November 26, 2007, pursuant to the FMLA that he be permitted to provide intermittent care for

his father over the following year.

11. Subsequent to his request, Plaintiff sent Regional Human Resources Manager Grossman medical certification substantiating his father's condition.

12. Following his request, Defendant's management approved Plaintiff's FMLA leave.

13. By informing Defendant in November 2007 of his need for a medical leave of absence to care for his father, Plaintiff attempted to exercise his rights under the FMLA.

14. By requesting medical leave for a serious health condition of his father in November 2007, Plaintiff exercised his rights under the FMLA.

15. Approximately one month later, on January 3, 2008, Plaintiff's father's condition of dementia improved and Plaintiff was able to make alternative care arrangements for his needs. Therefore, pursuant to Defendant's policies and procedures, Plaintiff contacted Regional Human Resources Manager Grossman to request a return to work.

16. Rather than returning him to duty, Regional Human Resources Manager Grossman informed Plaintiff that Defendant had no assignments available and would contact Plaintiff as soon as a position became available.

17. As Regional Human Resources Manager Grossman neglected to contact him, Plaintiff continued to contact Grossman to inquire of his status and to arrange a meeting, to no avail.

18. Rather, on January 23, 2008, Defendant terminated Plaintiff's employment for the purported reason of no available assignments.

19. On information and belief, Defendant has assigned and has not terminated the employment of similarly situated Food Service Directors who did not file for a leave of absence under the FMLA.

20. The aforementioned acts and omissions of Defendant constitute interfering with,

restraining, and denying Plaintiff's exercise of, or Plaintiff's attempt to exercise, rights provided to Plaintiff under the FMLA, in violation of the FMLA, 29 U.S.C. § 2601 et seq.

21. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER GERNAND, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully interferes with rights under the FMLA;

C. Order Defendant to make whole CHRISTOPHER GERNAND by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to CHRISTOPHER GERNAND;

F. Grant Plaintiff his attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – ADEA - AGE DISCRIMINATION

22. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

23. Plaintiff began working for Defendant in 1980 as a Food Service Director ("FSD").

24. Throughout his tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, merit based raises, and letters from management and customers praising his performance.

25. In approximately September 2006, Defendant transferred Plaintiff to the Chicago Board Options Exchange ("CBOE") account under the management of James Baker, District Manager.

26. Beginning with the September 2006 transfer to the CBOE account, Defendant has discriminated against Plaintiff on the basis of his age, 55, by providing him inadequate resources and opportunities in a manner not afforded to similarly-situated younger Food Service Directors in his region.

27. In contrast to other locations, which have unlimited public access, the CBOE facility limits its patronage only to CBOE employees and their guests, substantially limiting the sales the location can generate.

28. At the time of Plaintiff's transfer to the CBOE account, due to deficiencies from its previous Food Service Director, James Musto, approximately in his mid-40's, the account had significant operational issues.

29. Defendant has in place corporate guidelines and processes governing the operations of each of its locations. At the time of the transfer, FSD Musto had not implemented Defendant's

5

required processes, requiring significant efforts from Plaintiff to ensure the location was in compliance with Defendant's requirements.

30. Further, FSD Musto failed to address issues with his staff's social security documentation, requiring Plaintiff to replace 60% of the employees following the transfer.

31. District Manager Baker has further discriminated against Plaintiff by providing him inadequate resources in comparison to the other younger FSD's in his district.

32. In contrast to Plaintiff, who was the only manager at his assigned location, all of the other accounts in his district had more than one (1) manager on-site, who can provide assistance and support to each other.

33. In a meeting on January 23, 2008, with Rick Grossman, Regional Human Resources Manager, Defendant terminated Plaintiff's employment for the purported reason of no available positions.

34. In contrast to Plaintiff, Defendant has been able to find available positions for a number of similarly situated younger FSD's, including James Musto, who has been allowed to transfer to different locations despite poorer performance in comparison to Plaintiff.

35. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, fifty-five (55).

36. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, fifty-five (55), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

37. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER GERNAND, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of age;

C. Order Defendant to make whole CHRISTOPHER GERNAND by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to CHRISTOPHER GERNAND;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

38. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

              Respectfully submitted,
              CHRISTOPHER GERNAND, Plaintiff,


      By:  s/Lisa Kane
              Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**          **08 C 1482**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Christopher Gernand**<br>1626 West 102nd Street<br>Chicago, IL 60643<br><br>**CERTIFIED MAIL 7099 3400 0018 8815 7046** | From: **Chicago District Office**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661   **JUDGE CASTILLO**<br>**MAGISTRATE JUDGE DENLOW** |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-02733 | **Sarita D. Gaddis,**<br>Investigator Support Asst | (312) 353-5543 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*/s/ John P. Rowe*    2/22/08

Enclosures(s)          John P. Rowe,          (Date Mailed)
                       **District Director**

cc:  ARAMARK FOOD & SUPPORT SERV GROUP

*[RECEIVED stamp: FEB 25 2008]*