IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GERNAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-C-1482 |
| | ) | |
| v. | ) | Judge Castillo |
| | ) | |
| ARAMARK CORPORATION, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant ARAMARK Corporation ("ARAMARK") by its attorneys, and in answer to the Complaint filed by Plaintiff, Christopher Gernand ("Gernard"), in the above-captioned action, states as follows:

### PRELIMINARY STATEMENT

**COMPLAINT ¶ 1:**

This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §§ 2601 *et seq.* Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**

Denied.

### JURISDICTIONAL STATEMENT

**COMPLAINT ¶ 2:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 *et seq.* and 29 U.S.C. §§ 2601 *et seq.* Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Paragraph 2 states conclusions of law to which no responsive pleading is required. Defendant denies the remaining allegations contained in paragraph 2.

## VENUE

**COMPLAINT ¶ 3:**

Venue is proper under 28 U.S.C. §§ 139(b)(1) and (2).

**ANSWER:**

Paragraph 3 states conclusions of law to which no responsive pleading is required. Defendant denies the remaining allegations in paragraph 3.

## PARTIES

**COMPLAINT ¶ 4:**

Plaintiff, CHRISTOPHER GERNAND, is a 55-year old United States Citizen who resides in Illinois.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

**COMPLAINT ¶ 5:**

Defendant, ARAMARK CORPORATION, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 2611 and 29 U.S.C. § 630(b), as Defendant has continuously and does now employ more than fifty (50) employees and is engaged in an industry that affects commerce.

**ANSWER:**

ARAMARK admits that it is a Delaware corporation and maintains a principal place of business at ARAMARK Tower, 1101 Market Street, Philadelphia, PA 19107. ARAMARK

further admits that it is engaged in several lines of business, including providing food services, at various commercial venues in numerous geographic locations, including The Chicago Board of Exchange ("CBOE") in Chicago, Illinois.  ARAMARK further admits that it employs at least 50 employees.  The remaining allegations of paragraph 5 are conclusions of law to which no responsive pleading is required.

## COUNT I – FMLA – UNLAWFUL DISCHARGE

**COMPLAINT ¶ 6:**

Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference all of the above answers as if fully rewritten herein.

**COMPLAINT ¶ 7:**

Plaintiff began working for Defendant in 1980 as a Food Service Manager.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 8:**

Throughout his tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluation, merit based raises, and letters from management and customers praising his performance.

**ANSWER:**

Denied.

**COMPLAINT ¶ 9:**

After twenty-seven (27) years of employment with Defendant, in November 2007 Plaintiff's father, Robert W. Gernard, suffered a dramatic decline in his condition of dementia.

Due to the critical nature of the condition, Plaintiff's mother required assistance in caring for his father.

**ANSWER:**

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9. Defendant admits that James Baker, District Manager of Business Services for ARAMARK, and Rick Grossman, Human Resources Director of Business Services for ARAMARK, received an email from Plaintiff on November 27, 2007 in which Plaintiff informed Defendant of his request to take FMLA leave effective December 1, 2007 to care for his allegedly critically ill father. Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 10:**

Plaintiff requested leave to Rick Grossman, Regional Human Resources Manager, on November 26, 2007, pursuant to the FMLA that he be permitted to provide intermittent care for his father over the following year.

**ANSWER:**

Denied. Defendant admits that James Baker, District Manager of Business Services for ARAMARK, and Rick Grossman, Human Resources Director of Business Services for ARAMARK, received an email from Plaintiff on November 27, 2007 in which Plaintiff informed Defendant of his request to take FMLA leave effective December 1, 2007 to care for his allegedly critically ill father. Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 11:**

Subsequent to his request, Plaintiff sent Regional Human Resources Manager Grossman medical certification substantiating his father's condition.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 12:**

Following his request, Defendant's management approved Plaintiff's FMLA leave.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 13:**

By informing Defendant in November 2007 of his need for a medical leave of absence to care for his father, Plaintiff attempted to exercise his rights under the FMLA.

**ANSWER:**

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.  Defendant admits that James Baker, District Manager of Business Services for ARAMARK, and Rick Grossman, Human Resources Director of Business Services for ARAMARK, received an email from Plaintiff on November 27, 2007 in which Plaintiff informed Defendant of his request to take FMLA leave effective December 1, 2007 to care for his allegedly critically ill father.  Defendant further admits that it approved such request.  Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 14:**

By requesting medical leave for a serious health condition of his father in November 2007, Plaintiff exercised his rights under the FMLA.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.  Defendant admits that it approved Plaintiff's request to take FMLA leave effective December 1, 2007.  Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 15:**

Approximately one month later, on January 3, 2008, Plaintiff's father's condition of dementia improved and Plaintiff was able to make alternative care arrangements for his needs. Therefore, pursuant to Defendant's policies and procedures, Plaintiff contacted Regional Human Resources Manager Grossman to request a return to work.

**ANSWER:**

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15. Defendant admits that it received an email from Plaintiff on January 3, 2008 requesting a return to work on any assignment available beginning January 7, 2008. Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 16:**

Rather than returning him to duty, Regional Human Resources Manager Grossman informed Plaintiff that Defendant had no assignments available and would contact Plaintiff as soon as a position became available.

**ANSWER:**

Denied.

**COMPLAINT ¶ 17:**

As Regional Human Resources Manager Grossman neglected to contact him, Plaintiff continued to contact Grossman to inquire of his status and to arrange a meeting, to no avail.

**ANSWER:**

Denied.

**COMPLAINT ¶ 18:**

Rather, on January 23, 2008, Defendant terminated Plaintiff's employment for the purported reason of no available assignments.

**ANSWER:**

Denied.

**COMPLAINT ¶ 19:**

On information and belief, Defendant has assigned and has not terminated the employment of similarly situated Food Service Directors who did not file for a leave of absence under the FMLA.

**ANSWER:**

Denied.

**COMPLAINT ¶ 20:**

The aforementioned acts and omissions of Defendant constitute interfering with, restraining, and denying Plaintiff's exercise of, or Plaintiff's attempt to exercise, rights provided to Plaintiff under the FMLA, in violation of the FMLA, 29 U.S.C. § 2601 *et seq*.

**ANSWER:**

Denied.

**COMPLAINT ¶ 21:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTOPHER GERNAND, prays for judgment against Defendant and respectfully requests that this Court:

A.　Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.　Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from

    engaging in any employment practice which unlawfully interferes with rights under the FMLA;

C. Order Defendant to make whole CHRISTOPHER GERNAND by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to CHRISTOPHER GERNAND;

F. Grant Plaintiff his attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**

Denied.

### COUNT II – ADEA – AGE DISCRIMINATION

**COMPLAINT ¶ 22:**

Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference all of the above answers as if fully rewritten herein.

**COMPLAINT ¶ 23:**

Plaintiff began working for Defendant in 1980 as a Food Service Director ("FSD").

**ANSWER:**

Admitted.

**COMPLAINT ¶ 24:**

Throughout his tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, merit based raises, and letters from management and customers praising his performance.

**ANSWER:**

Denied.

**COMPLAINT ¶ 25:**

In approximately September 2006, Defendant transferred Plaintiff to the Chicago Board Options Exchange ("CBOE") account under the management of James Baker, District Manager.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 26:**

Beginning with the September 2006 transfer to the CBOE account, Defendant has discriminated against Plaintiff on the basis of his age, 55, by providing him inadequate resources and opportunities in a manner not afforded to similarly-situated younger Food Service Directors in his region.

**ANSWER:**

Denied.

**COMPLAINT ¶ 27:**

In contrast to other locations, which have unlimited public access, the CBOE facility limits its patronage only to CBOE employees and their guests, substantially limiting the sales the location can generate.

**ANSWER:**

Denied.

**COMPLAINT ¶ 28:**

At the time of Plaintiff's transfer to the CBOE account, due to deficiencies from its previous Food Service Director, James Musto, approximately in his mid-40's, the account had significant operational issues.

**ANSWER:**

Denied.

**COMPLAINT ¶ 29:**

Defendant has in place corporate guidelines and processes governing the operations of each of its locations. At the time of the transfer, FSD Musto had not implemented Defendant's required processes, requiring significant efforts from Plaintiff to ensure the location was in compliance with Defendant's requirements.

**ANSWER:**

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29. Defendant denies the remaining allegations in paragraph 29.

**COMPLAINT ¶ 30:**

Further, FSD Musto failed to address issues with his staff's social security documentation, requiring Plaintiff to replace 60% of the employees following the transfer.

**ANSWER:**

Denied.

**COMPLAINT ¶ 31:**

District Manager Baker has further discriminated against Plaintiff by providing him inadequate resources in comparison to the other younger FSD's in his district.

**ANSWER:**

Denied.

**COMPLAINT ¶ 32:**

In contrast to Plaintiff, who was the only manager at his assigned location, all of the other accounts in his district had more than one (1) manager on-site, who can provide assistance and support to each other.

**ANSWER:**

Denied.

**COMPLAINT ¶ 33:**

In a meeting on January 23, 2008, with Rick Grossman, Regional Human Resources Manager, Defendant terminated Plaintiff's employment for the purported reason of no available positions.

**ANSWER:**

Denied.

**COMPLAINT ¶ 34:**

In contrast to Plaintiff, Defendant has been able to find available positions for a number of similarly situated younger FSD's, including James Musto, who has been allowed to transfer to different locations despite poorer performance in comparison to Plaintiff.

**ANSWER:**

Denied.

**COMPLAINT ¶ 35:**

Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, fifty-five (55).

**ANSWER:**

Denied.

**COMPLAINT ¶ 36:**

The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, fifty-five (55), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*.

**ANSWER:**

Denied. The remaining allegations of Paragraph 36 are conclusions of law to which no responsive pleading is required.

**COMPLAINT ¶ 37:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**

Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER GERNAND, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law.

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of age;

C. Order Defendant to make whole CHRISTOPHER GERNAND by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to CHRISTOPHER GERNAND;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**

Denied.

## JURY TRIAL DEMAND

**COMPLAINT ¶ 38:**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**

Defendant denies that Plaintiff has created a genuine issue of material fact to warrant a jury trial. To the extent, however, the Court finds to the contrary, Defendant admits that Plaintiff requests a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims or remedies are diminished or barred to the extent that Plaintiff has failed to mitigate his damages.

### SECOND AFFIRMATIVE DEFENSE

Defendant's decisions to transfer Plaintiff and subsequently to terminate Plaintiff were made based on legitimate, non-discriminatory reasons other than age or Plaintiff's exercise of any other legal rights.

**THIRD AFFIRMATIVE DEFENSE**

Defendant submits that even assuming both permissible and impermissible factors motivated the employment decision, which is denied, Defendant would have taken the same actions in the absence of any impermissible motivating factors.

Dated:  April 25, 2008                              Respectfully submitted,

                                                    ARAMARK CORPORATION

                                                    By: s/ Barry A. Hartstein
                                                          One of its Attorneys

Barry A. Hartstein
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive
Chicago, Illinois  60601
(312) 324-1000

**CERTIFICATE OF SERVICE**

I, Barry A. Hartstein, an attorney, hereby certify that on April 25, 2008, I electronically filed **Defendant's Answer** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

>Lisa Kane
>Lisa Kane & Associates, P.C.
>120 S. LaSalle St., Ste. 1420
>Chicago, IL  60603
>lisakane@sbcglobal.net
>*Attorney for the Plaintiff*

>/s/ Barry A. Hartstein
>Barry A. Hartstein

## **CERTIFICATE OF SERVICE**

I, Barry A. Hartstein, an attorney, hereby certify that on April 25, 2008, I electronically filed **Defendant's Answer to Complaint** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

> Lisa Kane
> Lisa Kane & Associates, P.C.
> 120 S. LaSalle St., Ste. 1420
> Chicago, IL  60603
> lisakane@sbcglobal.net
> *Attorney for the Plaintiff*

                                                                        /s/ Barry A. Hartstein
                                                                        Barry A. Hartstein